UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD H. SCHOCKER,

    Plaintiff/Counter-Defendant,

Case No. 07-15059

vs.

Honorable Victoria A. Roberts

GUARDIAN ALARM CO. OF MICH.,

    Defendant/Counter-Plaintiff.
_____/

| DAVID A. KOTZIAN, PLLC | GARAN, LUCOW, MILLER, PC |
|---|---|
| David A. Kotzian (P38308) | Thomas R. Paxton (P36214) |
| Attorney for Plaintiff | Attorney for Defendant |
| 31700 Middlebelt Road, Suite 150 | 1000 Woodbridge |
| Farmington Hills, MI 48334 | Detroit, MI 48207 |
| (248) 737-9991 | (313) 446-5518 |

_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AS TO DEFENDANT'S COUNTERCLAIM**

NOW COMES the Plaintiff/Counter-Defendant, RONALD H. SCHOCKER, by and through his attorney, DAVID A. KOTZIAN, PLLC, and pursuant to Fed. R. Civ. P. 56 (c) hereby moves for summary judgment as to the counterclaim submitted by Defendant as follows:

1. On or about November 28, 2007, Plaintiff commenced the present action against Defendant for, among other things, retaliation under the Elliott-Larsen Civil Rights Act and Title VII of the Civil Rights Act of 1964.

2. Defendant Guardian Alarm Co. of Michigan responded with a Counterclaim alleging that Plaintiff breached a 1998 confidentiality agreement by divulging confidential information to one of Defendant's competitors. (Exhibit 1).

3. Defendant has come forward with no evidence that Plaintiff in fact divulged any proprietary information, and the attached Affidavits from Plaintiff and others affirm that no such proprietary information was divulged. (Exhibits 2, 3, 4). Further, the 1998 confidentiality agreement was superseded by subsequent agreements.

4. In its Counterclaim, Defendant also seeks attorneys' fees and costs from Plaintiff based upon a provision in a 1987 employment application which purports to provide that Defendant is entitled to such fees and costs in the event that Plaintiff unsuccessfully brings an action.

5. This request for attorneys' fees and costs is also without merit. In particular, this provision in the employment application is unenforceable as a matter of law, and the terms of the employment application were superseded by subsequent agreements between Plaintiff and Defendant.

6. Therefore, there are no genuine issues of material fact for trial with respect to the claims in Defendant's Counterclaim, and Plaintiff is entitled to dismissal of the Counterclaim as a matter of law.

7. At various times and most recently on August 22, 2008, Plaintiff sought concurrence in the relief sought herein, and such was not denied, making it necessary to bring this matter forward for hearing.

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334   (248-737-9991)

WHEREFORE, Plaintiff respectfully requests that this Court grant his motion for summary judgment by dismissing Defendant's Counterclaim in its entirety, and awarding Plaintiff his costs and reasonable attorneys' fees incurred in defending this matter.

                                        Respectfully submitted,

                                        **DAVID A. KOTZIAN, PLLC**

                                        By   /s/ David A. Kotzian
                                                DAVID A. KOTZIAN (P38308)
                                                Attorney for Plaintiff
                                                31700 Middlebelt Road, Suite 150
                                                Farmington Hills, Michigan  48334
                                                (248) 737-9991
                                                DavidKotzian@aol.com

Dated:   September 4, 2008

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334  (248-737-9991)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD H. SCHOCKER,

    Plaintiff/Counter-Defendant,

vs.

Case No. 07-15059

Honorable Victoria A. Roberts

GUARDIAN ALARM CO. OF MICH.,

    Defendant/Counter-Plaintiff.

_____/

| | |
|---|---|
| DAVID A. KOTZIAN, PLLC | GARAN, LUCOW, MILLER, PC |
| David A. Kotzian (P38308) | Thomas R. Paxton (P36214) |
| Attorney for Plaintiff | Attorney for Defendant |
| 31700 Middlebelt Road, Suite 150 | 1000 Woodbridge |
| Farmington Hills, MI 48334 | Detroit, MI 48207 |
| (248) 737-9991 | (313) 446-5518 |

_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT AS TO DEFENDANT'S COUNTERCLAIM**

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334  (248-737-9991)

## **TABLE OF CONTENTS**

Index of Authorities ................................................................................................................... iii

Statement of Issues Presented ................................................................................................... iv

Introduction .................................................................................................................................1

Statement of Facts .......................................................................................................................1

Argument .....................................................................................................................................2

    I.    Defendant Has No Basis to Claim that Plaintiff
Divulged Proprietary Information to a Competitor ................................................3

    II.    Defendant Has No Legal or Factual Basis to Claim
that Plaintiff Must Pay its Attorneys' Fees and Costs .............................................4

Conclusion ...................................................................................................................................6

Certificate of Service ...................................................................................................................7

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334 (248-737-9991)

# INDEX OF AUTHORITIES

Fed. R. Civ. P. 56 (c) ..................................................................................................................2

Fed. R. Civ. P. 56 (e) ..................................................................................................................3

Allen v. Michigan Bell, 18 Mich. App. 632, 637-640 (1969) ............................................................5

Balmer v. HCA, Inc., 423 F.3d 606, 616 (6th Cir. 2005) ..................................................................5

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ........................................................................2

Cook v. Little Caesar Enterprises, 210 F.3d 653, 656 (6th Cir. 2000) ............................................5

Dresser v. Cradle of Hope Adoption Center, Inc., 358 F.Supp.2d 620,
    637 (ED Mich. 2005) ..............................................................................................................6

Matsushita Elec. Indus. v. Zenith Radio Corp., 475 US 574, 587;
    106 S.Ct. 1348; 89 L.E.2d 538 (1986) ....................................................................................3

Morrison v. Circuit City Stores, 317 F.3d 646, 670-671 (6th Cir., 2003) .........................................5

Northwest Acceptance v. Almont Gravel, 162 Mich. App. 294, 302-303 (1987) ............................6

NAG Enterprises, Inc. v. All State Indust., 407 Mich. 407 (1979) ...................................................5

Rembert v. Ryan's Family Steak Houses, 235 Mich. App. 118, 156 (1999),
    *lv. denied*, 461 Mich. 927 (1999) ............................................................................................5

UAW-GM v. KSL Recreation Corp., 228 Mich. App. 486, 502 (1998),
    lv. denied, 459 Mich. 945 (1999) ............................................................................................5

Wonderland Shopping Center v. CDC Mortgage, 274 F.3d 1085, 1095 (6th Cir. 2001) .................5

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334 (248-737-9991)

## STATEMENT OF ISSUES PRESENTED

I.  SHOULD DEFENDANT'S COUNTERCLAIM THAT PLAINTIFF PROVIDED PROPRIETARY INFORMATION TO DEFENDANT'S COMPETITOR BE DISMISSED WHERE DEFENDANT HAS COME FORWARD WITH NO EVIDENCE TO SUPPORT SUCH COUNTERCLAIM, WHERE THE ATTACHED AFFIDAVITS CONFIRM THAT NO SUCH PROPIETARY INFORMATION WAS PROVIDED, AND THE AGREEMENT RELIED UPON BY DEFENDANT WAS SUPERSEDED BY SUBSEQUENT AGREEMENTS BETWEEN THE PARTIES?

    PLAINTIFF ANSWERS "YES."

II.  SHOULD DEFENDANT'S COUNTERCLAIM THAT IT IS ENTITLED TO ATTORNEYS' FEES AND COSTS BE DISMISSED WHERE THE ALLEGED CONTRACTUAL PROVISION PROVIDING FOR SUCH FEES AND COSTS IS UNENFORCEABLE AS A MATTER OF LAW AND WAS SUPERSEDED BY SUBSEQUENT AGREEMENTS BETWEEN THE PARTIES?

    PLAINTIFF ANSWERS "YES."

LAW OFFICES
DAVID A. KOTZIAN, PLLC
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334 (248-737-9991)

## INTRODUCTION

As set forth herein, Plaintiff moves for summary judgment as to Defendant's counterclaim. Defendant has no factual basis for its assertion that Plaintiff divulged proprietary information to a competitor, and the confidentiality agreement relied upon by Defendant was superseded by subsequent agreements. Defendant's request for attorneys' fees and costs is also without merit since it is based on a contractual provision that is unenforceable as a matter of law and that was superseded by subsequent agreements.

## STATEMENT OF FACTS

Plaintiff Ronald Schocker was hired by Defendant Guardian in April 1987 as a Customer Service Representative. At the time of his hire, Mr. Schocker completed and signed a form employment application. Such application included, in part, the following language:

> "I further agree that if I should bring any action or claim arising out of my employment against the firm in which the firm prevails, I will pay to the firm any and all costs incurred by the firm in defense of said claims or actions, including attorney fees." (Exhibit 5).

Thereafter, Mr. Schocker continued to work for Guardian for approximately twenty years. During his employment, Mr. Schocker received promotions to various positions, including Assistant Customer Service Manager, Customer Service Manager, Commercial Sales Manager, and Commercial Business Manager. As of July 2004, Mr. Schocker was assigned complete management responsibilities for the Customer Relations Department, including additional responsibilities for the Guard and Armored Divisions. (Schocker dep. pp. 38-44 attached as Exhibit 6; Exhibit 7). Further, as Mr. Schocker's employment progressed, he was required to sign new annual employment agreements with Guardian. The most recent agreements were signed in 2006 and 2007. (Exhibits 8, 9). Both of these agreements provided that they were the entire agreement between the parties as follows:

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334 (248-737-9991)

> "Guardian and Employee hereby agree that the foregoing terms and conditions constitute the employment agreement between the parties, and is the entire agreement between the parties. No oral modifications of this Agreement may be made." (Exhibits 8, 9).

On April 3, 2007, Mr. Schocker filed a charge of retaliation with the Equal Employment Opportunity Commission (EEOC), which was also jointly filed with the Michigan Department of Civil Rights (MDCR). (Exhibit 10). Guardian's date-stamped copy of the charge shows that it was received on April 18, 2008 by Guardian. (Exhibit 11). On April 19, 2008, the day after receiving the EEOC charge, Guardian terminated Mr. Schocker's employment. (Schocker dep. pp. 141-143).

Mr. Schocker commenced the present action against Guardian on or about November 28, 2007 for Retaliation under Title VII of the Civil Rights Act of 1964 (Count I) and Retaliation under the Elliott-Larsen Civil Rights Act (Count II). Plaintiff also submitted claims for failure to pay commissions under Counts III, IV, and V. In response to the Complaint, Guardian filed a Counterclaim. (Exhibit 1). In this Counterclaim, Guardian alleges that Plaintiff violated the terms of a February 13, 1998 agreement by "divulging proprietary information to competitors including CST and Ira Burkowicz (sic)." (Exhibit 1, Pars. 3-4). Guardian also alleged in its Counterclaim that to the extent it prevails in this action, Mr. Schocker will be indebted to Guardian for its attorneys' fees and costs pursuant to the terms of the 1987 employment application. (Exhibit 1, Pars. 1, 6). For the reasons set forth herein, there is no legal or factual basis for either of these counterclaims, and they should be dismissed as a matter of law.

## **ARGUMENT**

Plaintiff hereby moves for Summary Judgment under Fed. R. Civ. P. 56 (c) as to Defendant's counterclaims, since there are no genuine issues of material fact in dispute and Plaintiff is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In response to this Motion, Defendant "may not rest upon the mere allegations or denials of his pleading, but his response,

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334  (248-737-9991)

by affidavits or as otherwise provided in this rule [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e). Such a Motion should be granted when the record taken as a whole, viewing the evidence in the light most favorable to the non-moving party, could not lead a rational trier of fact to find for the non-moving party. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 US 574, 587; 106 S.Ct. 1348; 89 L.E.2d 538 (1986).

**I.   DEFENDANT HAS NO BASIS TO CLAIM THAT PLAINTIFF DIVULGED PROPRIETARY INFORMATION TO A COMPETITOR**

As indicated above, Defendant claims that Plaintiff divulged "proprietary information to competitors including CST and Ira Burkowicz (sic)." (Exhibit 1, Par. 4). During discovery, Plaintiff requested detailed information about the basis for this claim, and Defendant provided nothing in response as follows:

> **"15.   With respect to Defendant's Counterclaim, please describe in detail the factual basis for such claim, identify each and every witness with knowledge relating to such claim, and attach any and all documents relating to such claim. In particular, describe in specific detail all proprietary information that you allege Plaintiff divulged to competitors, who it was divulged to, when it was divulged, and how divulging such information has caused Defendant damages.**
>
> **ANSWER:   Defendant objects to this interrogatory as it seeks information which is otherwise protected or ought to be protected pursuant to a Protective Order. With the entry of the appropriate Protective Order, defendant may be able to disclose certain information. However, defendant specifically objects to the requests that proprietary information be divulged now to the plaintiff who is no longer employed with the defendant and had in the past shared proprietary information with competitors."** (Exhibit 12).

Plaintiff subsequently requested that Defendant provide more specific information in response to this Interrogatory and requested a copy of the proposed protective order. (Exhibit 13). When no response was forthcoming, Plaintiff filed a motion to compel more specific information. Still, Defendant provided no evidence to support its counterclaim. Therefore, Defendant should be estopped from now claiming that such evidence exists.

3

At his deposition, Plaintiff admitted that prior to and subsequent to his termination from Guardian, he did have some contact with Ira Berkowitz and with the President of CST, Jeff Prough. Mr. Schocker previously worked at Guardian with Mr. Berkowitz and Mr. Prough, and Mr. Schocker testified at length at his deposition about his contacts with them. (Schocker dep., pp. 1055-1071, 1133-1139, 1177-1179, 1196). Mr. Schocker emphatically denies that he divulged any confidential or proprietary information to Mr. Berkowitz, Mr. Prough or any other Guardian competitor. (Schocker dep., p. 1178; Schocker Affidavit, Exhibit 2). Mr. Berkowitz and Mr. Prough also deny under oath in the attached Affidavits that Mr. Schocker disclosed any proprietary or confidential information to them. (Affidavit of Berkowitz, Exhibit 3; Affidavit of Prough. Exhibit 4).

Therefore, there is no factual basis for Defendant to claim that Mr. Schocker divulged any proprietary or confidential information to Mr. Berkowitz, Mr. Prough or anyone else. It is wholly inappropriate for Defendant to file a legal claim against Plaintiff and have him incur the substantial costs of defending it based upon mere suspicion. Therefore, Defendant's counterclaim with respect to an alleged violation of any confidentiality agreements should be dismissed.

Further, the confidentiality agreement relied upon by Defendant was signed in February 1998. As set forth above, Plaintiff and Defendant subsequently signed new employment agreements which purported to be "the entire agreement between the parties." (Exhibits 8, 9). As argued in detail below, these subsequent agreements preclude Defendant from relying on prior agreements for its breach of contract action.

**II.   DEFENDANT HAS NO LEGAL OR FACTUAL BASIS TO CLAIM THAT PLAINTIFF MUST PAY ITS ATTORNEYS' FEES AND COSTS**

Defendant also alleges in its counterclaim that Plaintiff is obligated to pay its attorneys' fees and costs based on the form language in a 1987 employment application. However, the employment application was superseded by subsequent agreements, most recently the employment agreements from

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334  (248-737-9991)

2006 and 2007 which stated that they were the "entire agreement between the parties." (Exhibits 8, 9). A merger or integration clause in a written contract conclusively establishes that the parties intended the written contract to be the complete expression of their agreement. UAW-GM v. KSL Recreation Corp., 228 Mich. App. 486, 502 (1998), lv. denied, 459 Mich. 945 (1999); NAG Enterprises, Inc. v. All State Indust., 407 Mich. 407 (1979). Such a clause "conclusively establishes the finality and completeness of the written agreement." Wonderland Shopping Center v. CDC Mortgage, 274 F.3d 1085, 1095 (6th Cir. 2001). Michigan's parol evidence rule bars the use of extrinsic evidence to contradict the terms of a written contract intended to be the final and complete expression of the contracting parties' agreement. Cook v. Little Caesar Enterprises, 210 F.3d 653, 656 (6th Cir. 2000); UAW-GM, 228 Mich. App. at 492; Wonderland, 274 F. 3d at 1095. Therefore, Defendant cannot rely upon the alleged contractual terms contained in the employment application.

Further, the provision relied upon by Defendant is clearly unenforceable as to Plaintiff's statutory claims. An employer cannot contractually alter an employee's statutory rights. Rembert v. Ryan's Family Steak Houses, 235 Mich. App. 118, 156 (1999), *lv. denied*, 461 Mich. 927 (1999); Morrison v. Circuit City Stores, 317 F.3d 646, 670-671 (6th Cir., 2003). It is an abuse of discretion to award attorneys' fees to a prevailing defendant where any part of the plaintiff's cause of action was not frivolous. Balmer v. HCA, Inc., 423 F.3d 606, 616 (6th Cir. 2005).

Finally, the attorney fee provision relied upon by Defendant is not a valid contractual provision. It is not a "loser-pays" provision. Rather, it is one-sided provision that purports to only allow the employer to recover attorneys' fees and costs. Therefore, it is unenforceable as a contract of adhesion and is both procedurally and substantively unconscionable. See, Allen v. Michigan Bell, 18 Mich. App. 632, 637-640 (1969). A contract is unconscionable if there was an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI 48334 (248-737-9991)

party.  Northwest Acceptance v. Almont Gravel, 162 Mich. App. 294, 302-303 (1987).  A contract of adhesion is characterized by standardized forms prepared by one party that are offered for rejection or acceptance without opportunity for bargaining and under circumstances that the second party cannot obtain the desired product or service except by acquiescing in the form agreement.  Dresser v. Cradle of Hope Adoption Center, Inc., 358 F.Supp.2d 620, 637 (ED Mich. 2005).

Therefore, Defendant's counterclaim for attorneys' fees and costs should also be dismissed.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant his motion for summary judgment as to Defendant's counterclaim, dismiss Defendant's Counterclaim in its entirety, and award Plaintiff his costs and reasonable attorneys' fees incurred in defending this matter.

Respectfully submitted,

**DAVID A. KOTZIAN, PLLC**

By /s/ David A. Kotzian
David A. Kotzian (P38308)
Attorney for Plaintiff/Counter-Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI  48334
(248) 737-9991

Dated:  September 4, 2008

## CERTIFICATE OF SERVICE

I, David A. Kotzian, hereby certify that on the 4th day of September 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Thomas R. Paxton. A courtesy copy of the foregoing paper was delivered by First Class U.S. Mail to Judge Roberts on the 4th day of September 2008.

**DAVID A. KOTZIAN, PLLC**

By   /s/ David A. Kotzian
    DAVID A. KOTZIAN (P38308)
    Attorney for Plaintiff
    31700 Middlebelt Road, Suite 150
    Farmington Hills, Michigan  48334
    (248) 737-9991
    DavidKotzian@aol.com

LAW OFFICES
**DAVID A. KOTZIAN, PLLC**
31700 MIDDLEBELT ROAD, SUITE 150
FARMINGTON HILLS, MI  48334  (248-737-9991)